UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARTHUR THOMPSON, JR, | * | CIVIL DOCKET No. |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | JUDGE |
| | * | |
| NEW ORLEANS TRUCKING AND RENTAL DEPOT, INC, | * | |
| | * | |
| | * | MAG. JUDGE |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Arthur Thompson, Jr (hereinafter Plaintiff) and brings this action seeking declaratory and monetary relief against the Defendant, New Orleans Trucking and Rental Depot, Inc. (hereinafter "NOT") and allege as follows:

JURISDICTION AND VENUE

1.     Jurisdiction of this matter is granted to this court by 28 U.S.C. 1331 (federal question jurisdiction) and 1337 (proceedings arising under an act of Congress regulating commerce).  The causes of action alleged here arise under the laws of the United States regulating commerce and the activities of transportation brokers engaged in the interstate transportation of property by motor carriers, including 49 USC 13901, 14704, 14707 and 49 CFR Parts 371 and 376.

2. This Court has supplemental jurisdiction over causes of action brought under state law pursuant to 28 USC 1367, as such claims are so related to the claims arising under federal law that they form part of the same case or controversy under Article III of the United States Constitution. Federal law specifically contemplates that the remedies available under the federal statutes and regulations implicated here are in addition to "remedies existing under another law or common law." 49 USC 13103.

3. Venue is proper in this Court pursuant to 28 USC 1391 and 14707 as Defendant, NOT maintains its principle place of business within this district and a substantial portion of the events giving rise to the claims alleged herein occurred in this district.

4. Plaintiff is a Louisiana sole proprietorship, represented through its owner, that is the owner operator with federal operating authority to haul freight in interstate commerce.

5. Defendant is a Louisiana Corporation that upon information and belief is licensed by the FMCSA to broker the transportation of property in interstate commerce and acted as a broker of transportation services between shippers and motor carriers including Plaintiff.

6. Beginning in February 2009 and through 2015, NOT contracted with Plaintiff for brokered transportation services rendered for third party shippers under several contracts. The contracts between NOT and Plaintiff included the provision that NOT would furnish to Plaintiff copies of rated freight bill upon request and agreed to compensate Plaintiff at the rate of "70% of the net revenue applicable to the loaded move but not less than 1.05 per mile on the round trip miles." (Id.) Additionally, the contracts provided that "[t]he [Plaintiff] shall be paid 100 % of all fuel surcharges collected." (Id.)

7.      Plaintiff has made numerous and consistent requests for all rated freight bills from NOT, as well as payment of all fuel surcharges collected by NOT on its deliveries, but neither have been received by Plaintiff.

8.      Additionally, the parties agreed that Plaintiff "will be responsible for the cost of providing his workmen's compensation insurance coverage.  A deduction equal to the Carriers prevailing rate will be withheld and applied to the cost of this insurance.  The amount of deduction is subject to change as premium cost changes.  The [Plaintiff] authorized [NOT] to act on his behalf in the selection and placement of this coverage."  Under the terms of this provision, 6% of payments to Plaintiff were withheld from payments made by NOT to Plaintiff and Plaintiff believed these payments were for the placement of workers compensation coverage for Plaintiff as anticipated in the contract.  Plaintiff began to suspect that NOT had not procured workers compensation coverage for Plaintiff as agreed in the contract and despite collecting the appropriate amount for premiums from Plaintiff.  Plaintiff has requested proof of the insurance NOT was to procure with these retained revenue amounts, but to date, no certificates of insurance have been provided to Plaintiff and the withheld funds have not been returned to Plaintiff despite demand.

8.      NOT has violated federal regulations in withholding records of brokered transactions despite the federal regulations that require NOT to keep detailed records of each brokered transaction, including the amount of compensation it received for the brokerage service, a description of any non-brokerage services performed in connection with the transaction, as well as the amount of compensation it received for such non-brokerage services and the name of the payor for such services.  Each party to the brokered transaction has the right to review these

required records of the transaction. 49 C.F.R. Part. 371.3. Despite numerous requests by Plaintiff, NOT has withheld production of these detailed records to Plaintiff.

9.   NOT has violated federal regulations in withholding a percentage of Plaintiff's revenue for insurance premiums as a charge-back item and/or as an insurance broker for Plaintiff and failed to provide the required documentation to Plaintiff that said insurance was ever procured, the premiums for same, and did not provide Plaintiff with copies of the relevant certificates of insurance despite numerous requests. Id. at Part 376.11

WHEREFORE, Plaintiff, Arthur Thompson, Jr., respectfully requests that this Court enter a judgment for declaratory and monetary relief against the Defendant, New Orleans Trucking and Rental Depot, Inc. that they be ordered to provide the required documentation to determine whether Plaintiff was paid appropriately under the lease agreements between the parties at the rate of 70% of revenue collected and 100% of fuels surcharges collected by NOT, as well as provide documentation regarding the charge-back items withheld from payments to Plaintiff for procurement of insurance, and for reasonable attorneys fees pursuant to 49 USC 14704(e), payment of all underpaid amounts, as well as award any such other relief as this Court may deem proper and just.

**RESPECTFULLY SUBMITTED:**

CLAUDIA P. SANTOYO, LLC

*/s/ Claudia P. Santoyo*

_____
CLAUDIA PATRICIA SANTOYO (27287)
2901 Ridgelake Drive, Suite 205
Metairie, Louisiana 70002
Telephone: (504) 324-4534
Facsimile: (504) 324-0934
Email: claudia@santoyolaw.com
*Attorney for Arthur Thompson, Jr.*